```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION
```

| | | |
|---|---|---|
| AME CHERIE THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-310-Y |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Ame Cherie Thomas, a federal prisoner confined in FMC-Carswell at the time of filing, against Jody R. Upton, warden of FMC-Carswell, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

### I.  Factual and Procedural History

By this action, Petitioner challenges her 2011 conviction in the United States District Court for the Northern District of Alabama for aiding and abetting misuse of a social security number and aggravated identify theft and the conditions of her confinement at FMC-Carswell placing her "at high risk for death." (Pet. 5-6, ECF No. 2; Resp't's App. 1, ECF No. 11.) She seeks immediate release, home confinement, and a second opinion regarding her medical status. (Pet. 6-7, ECF No. 2.)

II.  Discussion

As to her first claim, § 2241 is not the proper vehicle for bringing a challenge to her federal conviction.  Instead, § 2255 provides the primary means of collaterally attacking a federal conviction or sentence.[1]  *Padilla v. United States,* 416 F.3d 424, 425-26 (5th Cir. 2005).  Nor is § 2241 the proper vehicle for challenging the conditions of her confinement.  A *Bivens* complaint is the proper vehicle for an inmate to pursue a civil rights complaint against federal actors.  *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).  Furthermore, Bureau of Prisons (BOP) records indicate that Petitioner was released from BOP custody on November 7, 2014.  *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov.  As of this date, Petitioner has not notified the Court of her current whereabouts.

The Court finds Petitioner's claims are not cognizable in this habeas action and/or are rendered moot as a result of her release.  Accordingly, dismissal of the petition for lack of subject matter jurisdiction and mootness is appropriate.  *See McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

---

[1] Federal prisoners may employ § 2241 to challenge their conviction or sentence only if they can satisfy the exception in the so-called "savings clause" under § 2255(e).

2

for lack of subject matter jurisdiction and mootness.  A certificate of appealability is DENIED.

    SIGNED April 29, 2015.

                                                             _____
                                                             TERRY R. MEANS
                                                             UNITED STATES DISTRICT JUDGE